UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

               Plaintiff,             NO. CR-09-2035-EFS-1

       v.

RICKY S. WAHCHUMWAH (1),        **ORDER DENYING DEFENDANT'S**
                                  **MOTION FOR RECONSIDERATION**

             Defendant.

A hearing occurred in this matter on May 29, 2009, in Yakima, Washington. An Order memorializing and supplementing the Court's oral findings was entered on June 18, 2009. (Ct. Rec. 107.) In pertinent part, the Court found that Defendant did not establish a legal or factual basis for a *Franks* hearing and failed to prove that evidence was obtained unlawfully during either the March 6, 2009 search or the October 15, 2008 undercover audio and visual recordings. Defendant asks the Court to reconsider its rulings. (Ct. Rec. 96.)

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). While the law of the case doctrine does not limit the court's jurisdiction, it is a guide to the court's discretion. *Id.* (citing *Arizona v. California*, 460 U.S. 605, 618

ORDER ~ 1

(1983)).  Thus, absent some compelling prerequisites, it is an abuse of discretion for a court to reconsider issues previously decided in the same case.  *See id.* (citing *Thomas*, 983 F.3d at 155).

Thus, for the Court to hear Defendant's Motion for Reconsideration, Defendant must demonstrate that one of the requisite conditions has been met.  Specifically, Defendant must show 1) evidence in the record clearly establishes a manifest error of law or fact on which the order was based, 2) newly-discovered evidence that was previously unavailable; 3) manifest injustice, or 4) an intervening change in controlling law.  *See, e.g., Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Defendant raises no novel issues of fact or law.  In fact, he neither cites new authority nor offers new factual information.  It is true that the Court had not seen nor heard the actual recordings; however, the Court had reviewed detailed minute-by-minute descriptions of the recordings' contents.  After review of the actual recordings, the Court's abides by its prior findings.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Reconsideration **(Ct. Rec. 96)** is **DENIED.**

2.  Defendant's Motion for Expedited Hearing **(Ct. Rec. 100)** is **GRANTED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this ____18th____ day of June 2009.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge