UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>RICKY S. WAHCHUMWAH (1) and<br>VICTORIA M. JIM (2),<br><br>        Defendants. | NO. CR-09-2035-EFS-1<br>     CR-09-2035-EFS-2<br><br>**AMENDED[1] PRELIMINARY ORDER OF FORFEITURE** |

On November 16 and December 17, 2010, a Federal Rule of Criminal Procedure 32.2 forfeiture hearing occurred in the above-captioned matter. Timothy Ohms appeared on the U.S. Attorneys Office's (USAO) behalf. Defendants Ricky S. Wahchumwah and Victoria M. Jim were present, represented by Adam Moore and Thomas Zeilman respectively. After reviewing the submitted material and relevant authority and considering

///

//

/

---

[1] The December 28, 2010 Preliminary Order of Forfeiture (ECF No. 344) is amended to include a 1995 Chevrolet Suburban, an uncontested forfeiture item, as requested by the USAO's Motion for Entry of an Amended Preliminary Order of Forfeiture (ECF No. 350).

ORDER ~ 1

the trial and forfeiture hearing testimony,[2] evidence, and oral argument, the Court is fully informed and enters this preliminary forfeiture Order.

**A. Standard**

Pursuant to Rule 32.2,

> [a]s soon as practical after a verdict. . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. . . .

Fed. R. Crim. P. 32.2(b)(1)(A); *see also* 28 U.S.C. § 2461(c). Here, the applicable statutes are the Bald and Golden Eagle Protection Act (BGEPA), 16 U.S.C. § 668b(b), and Lacey Act, 16 U.S.C. § 3374(a). The BGEPA states:

> All bald or golden eagles, or parts, nests, or eggs thereof, taken, possessed, sold, purchased, bartered, offered for sale, purchase, or barter, transported, exported, or imported contrary to the provisions of this subchapter, or of any permit or regulation issued hereunder, and all guns, traps, nets, and other equipment, vessels, vehicles, aircraft, and other means of transportation used to aid in the taking, possessing, selling, purchasing, bartering, offering for sale, purchase, or barter, transporting, exporting, or importing of any bird, or part, nest, or egg thereof, in violation of this subchapter or of any permit or regulation issued hereunder shall be subject to forfeiture to the United States.

16 U.S.C. § 668b(b). The Lacey Act similarly provides:

> (1) All fish or wildlife or plants imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of section 3372 of this title (other than

---

[2] Defendants testified and also called Raymond Colfax, Sandra Jim, Jim Wahchumwah, Jr., Donna Sohappy, Vikki Wahchumwah, and Tracy Hames. The USAO called U.S. Fish and Wildlife Service Special Agent Robert Romero.

ORDER ~ 2

1    section 3372(b) of this title), or any regulation issued
     pursuant thereto, shall be subject to forfeiture to the United
2    States notwithstanding any culpability requirements for civil
     penalty assessment or criminal prosecution included in section
3    3373 of this title.

4         (2)  All vessels, vehicles, aircraft, and other equipment
     used to aid in the importing, exporting, transporting, selling,
5    receiving, acquiring, or purchasing of fish or wildlife or
     plants in a criminal violation of this chapter for which a
6    felony conviction is obtained shall be subject to forfeiture
     to the United States if (A) the owner of such vessel, vehicle,
7    aircraft, or equipment was at the time of the alleged illegal
     act a consenting party or privy thereto or in the exercise of
8    due care should have known that such vessel, vehicle, aircraft,
     or equipment would be used in a criminal violation of this
9    chapter, and (B) the violation involved the sale or purchase
     of, the offer of sale or purchase of, or the intent to sell or
10   purchase, fish or wildlife or plants.

11   16 U.S.C. § 3374(a).

12   **B.  Application**

13   The parties agree that all forfeiture items (FIs) identified by the

14   USAO in its Chart (ECF No. 318, attach. A) are forfeitable, except for

15   the following:  4, 17, 22, 39, 45, 46, 53, 58, 60, 61, 65, 67, and 69.

16   Also, since submitting its forfeiture chart, the USAO has withdrawn its

17   forfeiture request for FIs 17 and 67.  Accordingly, FI 17 shall be

18   returned to Raymond Colfax, and FI 67 shall be returned to Defendants.

19   The Court enters its findings as to the contested FIs in the table

20   below:

| FI | Description | Court Findings |
|---|---|---|
| 4 | 3 full sets of bald eagle tails (1 mature and 2 immature) | Not forfeited:  must be returned to Defendants |
| 22 | 37 golden eagle and 8 bald eagle detached feet sets | Forfeited in part:  27 golden eagle feet sets and 6 bald eagle sets |

ORDER ~ 3

|    |                                                              |                                                                                                                  |
|----|--------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------|
|    |                                                              | Not forfeited in part: 10 golden eagle feet sets and 2 bald eagle feet sets                                      |
| 39 | Golden eagle wing set (42 feathers from an immature golden eagle) | Not forfeited: must be returned to Defendants                                                               |
| 45 | Golden eagle wing set (40 feathers from mature golden eagle) | Not forfeited: must be returned to Defendants                                                                    |
| 46 | Golden eagle wing set (35-40 feathers from mature golden eagle) | Not forfeited: must be returned to Defendants                                                                 |
| 53 | 37 wing feathers (golden and bald eagle wing feathers)       | Forfeited in part: 26 wing feathers<br><br>Not forfeited: remainder must be returned to Defendants               |
| 58 | Briefcase containing plumes                                  | Forfeited: fifty percent<br><br>Not forfeited: fifty percent must be returned to Defendants                      |
| 60 | Blue-center bustle                                           | Not forfeited: must be returned to Defendants                                                                    |
| 61 | Plastic Tupperware-style box containing tail plumes          | Not forfeited: one set bound with black and white tape and twenty plumes with white tape<br><br>Forfeited: remainder |
| 65 | Tail feather sets and loose tail feathers                    | Not forfeited: 15 golden eagle sets and 5 bald eagle sets<br><br>Forfeited: remainder                            |
| 69 | Orange-center bustle                                         | Not forfeited: must be returned to Defendants                                                                    |

In summary, the Court directs forfeiture of FIs 1-3, 5-16, 18-21, 22 (twenty-seven golden eagle sets and six bald eagle sets), 23-38, 40-44,

ORDER ~ 4

47-52, 53 (twenty-six wing feathers), 54-57, 58 (fifty percent of plumes), 59, 61 (remainder as identified in table above), 62-64, 65 (remainder as identified in table above), 66, 68, and 70-78. *See* Fed. R. Crim. P. 32.2(b)(2)(A). The Court finds the USAO established the requisite nexus between these listed FI assets, as well as the identifed 1995 Chevrolet Suburban (ECF No. 350) and Defendants' unlawful conduct. This Order serves as the preliminary forfeiture Order and it is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final" under Rule 32.2(b)(4). *Id.* at 32.2(b)(2)(B).

**C. Conclusion**

Accordingly, **IT IS HEREBY ORDERED**:

The U.S. Attorney General or its designee is authorized to:

- seize FIs 1-3, 5-16, 18-21, 22 (twenty-seven golden eagle sets and six bald eagle sets), 23-38, 40-44, 47-52, 53 (twenty-six wing feathers), 54-57, 58 (fifty percent of plumes), 59, 61 (remainder as identified in table above), 62-64, 65 (remainder as identified in table above), 66, 68, 70-78;
- seize the 1995 Chevrolet Suburban, Washington License Plate 258 XQJ, VIN#: 1GNFK16KXJ425913; and
- conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Rule 32.2(b)(3)

The non-forfeited FIs must be returned to Defendants, absent FI 17, which shall be returned to Raymond Colfax.

ORDER ~ 5

1    Applicable proceedings to comply with statutes governing third party
2 rights, including giving notice of this Order, may occur.  Notice will
3 be posted on the official government internet site (www.forfeiture.gov)
4 for at least 30 days.  *Id.* at 32.2(b) (incorporating Suppl. R. for
5 Admiralty or Maritime Claims and Asset Forfeiture Actions
6 G(4)(a)(iv)(C)).  To the extent practicable, direct written notice may
7 also be provided to any person who reasonably appears to be a potential
8 claimant with standing to contest the forfeiture in the ancillary
9 proceeding.  *Id.* at 32.2(6)(A).

10    Any person, other than the above-named Defendants, asserting a legal
11 interest in the above-listed property may, within sixty days of the first
12 posting of notice, or receipt of notice, whichever is earlier, petition
13 the Court for a hearing without a jury to adjudicate the validity of his
14 alleged interest in the above-listed property, and for an amendment of
15 the Preliminary Order of forfeiture, pursuant to Rule 32.2(c) and 21
16 U.S.C. § 853(n) as incorporated by 16 U.S.C. § 668(b) and 28 U.S.C. §
17 2461.  Any petition filed by a third party asserting an interest in the
18 above-listed property shall be signed by the petitioner under penalty of
19 perjury and shall set forth the nature and extent of the petitioner's
20 right, title, or interest in said property, the time and circumstances
21 of the petitioner's acquisition of the right, title or interest in said
22 property, and any additional facts supporting the petitioner's claim and
23 the relief sought. Discovery may be conducted in accordance with the
24 Federal Rules of Civil Procedure upon a showing that such discovery is
25 necessary or desirable to resolve factual issues.  The United States
26 shall have clear title to the above-listed property following the Court's

ORDER ~ 6

disposition of all third-party interests, or, if none, following the expiration of the period provided in Rule G(5), as incorporated by 16 U.S.C. § 668(b) and 28 U.S.C. § 2461, for the filing of third-party petitions.

Pursuant to Rule 32.2(b)(4), this Preliminary Order of Forfeiture is final as to Defendants at the time of sentencing, or at any time before sentencing if Defendants consent, and is made part of the sentence and included in the judgment. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide a copy to counsel and the U.S. Probation Office.

**DATED** this  25th   day of January 2011.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Criminal\2009\2035.am.prelimin.forfeit.wpd

ORDER ~ 7